NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0099n.06

Case No. 18-5953

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ALBERT JONES, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Mar 01, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JOHN TILLEY, et al., | ) | KENTUCKY |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before: MERRITT, CLAY, and ROGERS, Circuit Judges.

**MERRITT, Circuit Judge.** This is an appeal from a denial of qualified immunity. Plaintiff Albert Jones sued various prison officials in their individual capacities pursuant to § 1983, claiming defendants violated his rights under the Eighth and Fourteenth Amendments for incarcerating him for seven months beyond his proper release date. He also brings a claim under Kentucky state law for false imprisonment. Defendants claim qualified immunity, but the district court denied their motion for summary judgment without prejudice, citing insufficient factual information. We agree with the district court that a decision on the merits would be premature and remand the case for further proceedings.

**I.**

Jones received a 10-year sentence from Judge Brian C. Edwards of the Jefferson County (Ky.) Circuit Court, Division 11. Complaint at ¶ 13. Jones' sentence was to run concurrently with federal sentences that he was already serving. Jones alleges his time served began on January 28, 2008, "when the bench warrant for [his Kentucky] arrest was issued," Complaint at ¶ 12, and that he satisfied his sentence on July 26, 2016. *Id*. at ¶ 24. Defendants counter that Jones' sentence began on September 30, 2009, as calculated by the Bureau of Prisons. Mem. in Support of Motion for Summary Judgment at 2. Jones alleges that, upon realizing his time served was not being correctly calculated, he "notified Defendants Tilley, Erwin, Potter-Blair, Hall, Bentley, and Belen by at least November 25, 2014." Complaint ¶ 17. On April 16, 2015, defendants were ordered by Judge Edwards to recalculate Jones' jail time credit. *Id*. Defendants claim that they did recalculate his sentence and determined that "Mr. Jones was not entitled to credit for any additional time." Mem. in Support of Summary Judgment at 2. On February 21, 2017, Judge Edwards ordered Defendants to give Jones credit "for all time spent in custody beginning on January 28, 2008." Complaint ¶ 26. Jones was released from custody on February 27, 2017, six days after Judge Edwards issued his order. Complaint ¶ 27.

Jones alleges in his complaint that it would violate his constitutional rights under the Eighth and Fourteenth Amendments if defendants confined him beyond the term of his valid sentence, which he claims expired on or before July 26, 2016, but they refused to correct his jail time credit in accordance with his plea agreement, or give him a hearing on the issue. Jones further alleges that, even after Judge Edwards specifically demanded defendants grant Jones the jail time credit to which he was entitled, defendants waited six days to act and release Jones from prison. Complaint at Counts 1 and 2.

## II.

Defendants argue that they are entitled to summary judgment on the ground of qualified immunity. Defendant John Tilley also argued that he was not commissioned into office until December 22, 2015, so he was not in office during the timeframe when the constitutional violations occurred. Qualified immunity shields government officials from civil liability unless the conduct at issue violates clearly established rights. *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 680 (6th Cir. 2013). A defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). The court may analyze either prong first. *Quigley*, 707 F.3d at 681. Once a defendant raises the defense of qualified immunity, the plaintiff carries the burden of demonstrating that qualified immunity is inappropriate. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). A case directly on point is not required; rather, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix,* 136 S. Ct. at 308 (internal citation and quotation marks omitted) (emphasis in original). "This exacting standard gives government officials breathing room to make

reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (internal citation and quotation marks omitted).

The right plaintiff asserts—his right not to be detained past the expiration of his term of incarceration under the Fourteenth and Eighth Amendments—is one we have recognized as being established "beyond dispute." *Shorts v. Bartholomew,* 255 F. App'x 46, 51-52 (6th Cir. 2007) (collecting cases and noting that the right is established both via the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment); *Upshaw v. Mich. Dep't of Corr.*, No. 1:12-cv-1300, 2016 WL 6518263, at *8 (W.D. Mich. Nov. 30, 2016). Therefore, the second prong of the qualified immunity standard is satisfied, and the only issue is whether the alleged facts, taken in the light most favorable to the plaintiff, could lead a reasonable juror to conclude defendants violated plaintiff's constitutional rights.

To establish § 1983 liability in this context, our circuit has put forth the relevant legal test to determine whether defendants violated plaintiff's clearly established constitutional rights in this context:

> [A] plaintiff must (1) . . . demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) . . . show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight; [and] (3) . . . demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Shorts*, 255 F. App'x at 55 (quoting *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989)). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action [or inaction.]" *Id.* at 53 (alterations in original) (quoting *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997)).

In addition to constituting an Eighth Amendment violation, it is also clearly established that continued detention after a sentence expires is a violation of the Fourteenth Amendment. *See McNeil v. Dir., Patuxent Inst.*, 407 U.S. 245, 246 (1972); *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1969) (holding that there is "no privilege in a jailer to keep a prisoner in jail beyond the period of his lawful sentence"). We have held that it is beyond dispute that when a prisoner's sentence has expired, he is entitled to release. *Shorts*, 255 F. App'x at 51 ("an incarcerated inmate has 'a liberty interest in being released at the end of his term of imprisonment'") (quoting *Schultz v. Egan*, 103 F. App'x 437, 440 (2d Cir. 2004)).

Applying the three factors from *Shorts* to the facts before us, there are material issues of disputed fact that the district court could not conclusively dispose of on the record before it. Defendants do not dispute that they received notice that plaintiff disagreed with the prison's date of the commencement of his sentence and the amount of credit he should receive for time served. Defendants claim they recalculated plaintiff's sentence and concluded that he was not entitled to credit for any additional time. A question remains, however, as to the second factor—whether the prison officials took only ineffectual action under circumstances indicating that their response to the problem was a product of deliberate indifference to the prisoner's plight once they received his complaint and the order from Judge Edwards to investigate and recalculate Jones' sentence. As the district court concluded:

> [T]his Court finds that granting or denying summary judgment at this point would be premature. The factual basis needed to prove or disprove whether a violation occurred for qualified immunity purposes does not exist at this early stage in litigation. Jones must prove that the prison officials were "deliberately indifferent" to his plight. Without any discovery at all, this Court finds it difficult to understand how Jones is supposed to disprove or prove anything related to his claims. Construing all facts in his favor, Jones has made a prima facie case by stating that he was released past the date he was supposed to have been released and has shown that the Defendants were at least under notice from Judge Edwards that Jones was at risk of serving more time than he had been sentenced for. . . . Though Defendants

> submit some mitigating evidence, Jones still has the opportunity to prove the actions they took to calculate his sentence constituted only "ineffectual action." . . . Whether or not they were deliberately indifferent is a factual question that has not been resolved.

*Jones v. Tilley*, No. 3:17-cv-61, 2018 WL 3594966, at *3 (E.D. Ky. July 26, 2018) (internal citations omitted). As to Defendant Tilly, who was not yet sworn in when some of the conduct alleged by Jones occurred, Jones alleged that Tilley was deliberately indifferent when he did not immediately release Jones when ordered to do so by Judge Edwards on February 21, 2017. Plaintiff has alleged a prima facie case of deliberate indifference against Tilley and, like the allegations against the other defendants, further factfinding is necessary to resolve the claim.

We recognize that defendants make assertions regarding their duties in calculating a sentence and what actions they took at various stages of Jones' incarceration to ascertain his sentence. They argue that the law is not clearly established concerning liability of prison officials in resolving sentencing discrepancies. But under the circumstances here, the right to have one's sentence calculated appropriately and to be released when the sentence has been served were clearly established at the time defendants allegedly violated Jones' rights. Jones has alleged a constitutional violation under clearly established law, and further discovery is necessary to determine whether summary judgment is warranted on defendants' claims regarding whether their actions or inactions caused Jones to be incarcerated for what he contends was seven months too long. We take no position on the underlying merits of this case, but affirm the denial of qualified immunity at this point in the proceedings and remand to the district court. Accordingly, it is so ordered.